# RIVERA

*v.*

# SUN LIFE ASSURANCE COMPANY.

San Juan, Law, No. 999.

### As to Execution for Attorneys' Fees.

Attorneys' Fees—Fund in Court.

    1. Where the plaintiff is dead insolvent, his attorney must recover upon the contract as it stands, and not upon *quantum meruit.*

Attorneys' Fees—Judgment.

    2. Any reason affecting the enforcement of a judgment per se would affect the attorney also.

Attorneys' Fees—Release by parties.

    3. Where a judgment is for a recovery in the name of the plaintiff and also his attorney, a release by the plaintiff does not affect the share of the attorney.

Judgment—Affidavits.

    4. A judgment imports the highest verity and cannot be affected by subsequent affidavits.

Opinion filed July 17, 1917.

*Mr. Willis Sweet* for plaintiff.

*Mr. Caytano Coll y Cuchi* for defendant.

HAMILTON, Judge, delivered the following opinion:

This was a suit on a $5,000 insurance policy in which a verdict was rendered for the plaintiff, and on appeal the judgment of this court was affirmed by the Supreme Court of the United States. There have been several proceedings on behalf of the defendant, endeavoring to show that on evidence discovered since the trial the claim was fraudulent, and should

PORTO RICO

Rivera v. Sun Life Assur. Co.

not be enforced. Meantime the plaintiff died, and the defendant has obtained a release from her heirs or representatives, who, it is alleged, admit the improper character of the suit. No formal proceedings, whether at law or in equity, have been undertaken to review or set aside the judgment, but the court on a rule to show cause why execution should not issue received affidavits and was satisfied that the representatives of the original plaintiff had released their claim. So, the matter remaining for decision, is, what is the effect of this upon the attorneys of the plaintiff, who are not, as far as the evidence shows, in anyway connected with any impropriety in the suit.

1. It would seem that whatever claim the attorneys or the plaintiff has must be based upon the contract on file. If there is any impropriety or any release on the part of the plaintiffs themselves which would prevent enforcement of the judgment, there could be no enforcement of a part of it for the benefit of the plaintiff's attorneys so far as relates to the fund in controversy. It is doubtless true that this would have no effect on the right of the plaintiff's attorneys to recover of the plaintiff for whatever services the attorneys may have properly rendered. That, however, is not the nature of this application. The question here is as to a recovery out of the fund in litigation. It would seem that the original plaintiff is dead, leaving no property. The question, therefore, is not one of quantum meruit. The attorneys' claim upon the fund is based upon a specific contract, and so far as the fund in court is concerned must stand or fall with the contract.

2. Taking the claim of the defendant at its strongest, it would mean that a judgment in this court is attacked by affidavits filed afterwards as fraudulent. The judgment, however, is a

matter of record, imports the highest verity, and is in every way superior to any subsequent allegation based upon ex parte affidavits. As the matter stands at present, while the plaintiff has a perfect right to discharge his part of the judgment, with or without consideration, and on any ground which may seem proper to him, he has not the right to discharge so much of the judgment as he or his grantor had previously assigned to some-one else, particularly to the attorneys whose exertions had procured the judgment. So long as the judgment stands it must be enforced in favor of whoever owns it or any part of it; and the evidence in this case shows that the attorneys for the plaintiff are entitled to one half of the amount recovered.

It follows that, while the plaintiff could give away his half of the judgment, he could not give away the half that belongs to the attorneys, and that therefore execution must issue for the 50 per cent belonging to the attorneys for the plaintiff, to whom it will be paid.

It is so ordered.